Osuna v. Clark et al (INMATE1)                                                                                                          Doc. 4
Case 2:05-cv-00173-MEF-WC   Document 4   Filed 03/01/2005   Page 1 of 7

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUAN CARLOS OSUNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-173-F |
| | ) |
| ANTHONY CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Juan Carlos Osuna, a county inmate, challenges the constitutionality of actions undertaken with respect to criminal charges pending against him before the Circuit Court of Covington County, Alabama. He also complains that the conditions of confinement in the Covington County Jail are violative of his constitutional rights. Osuna seeks monetary damages and immediate release from confinement. *Plaintiff's Complaint* at 4.

Upon review of the complaint, the court concludes that the plaintiff's claims relating to his pending criminal charges, his claims against various district attorneys and the allegations made on behalf of other inmates should be dismissed prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

The plaintiff is presently incarcerated in the Covington County Jail on a charge of trafficking marijuana. He asserts that the evidence against him was obtained during an illegal search and seizure. Osuna further complains the conditions of confinement to which he is subjected in the Covington County Jail are unconstitutional.

### I. CLAIMS RELATED TO THE PENDING CRIMINAL CHARGE

Osuna challenges the validity of the controlled substance charge pending against him and the bond amount set on this charge. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, the plaintiff has an adequate remedy at law because he may pursue his federal constitutional issues related to this charge through remedies available in the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Specifically, Osuna can present each of his claims in the on-going state criminal proceedings. Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that the plaintiff must endure state criminal proceedings fails to demonstrate irreparable harm.

2

*Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of plaintiff's claims for relief related to the criminal charge presently pending against him before the Circuit Court of Covington County.

## II. CLAIMS AGAINST MEMBERS OF THE DISTRICT ATTORNEY'S OFFICE

Osuna names Greg Gambril, the district attorney for Covington County, Walt Merrell, an assistant district attorney, and Eugenia Loggins, the former district attorney, as defendants in this cause of action. He asserts that these defendants improperly seek guilty pleas in criminal cases. It is apparent from the complaint that the claims made against these defendants arise from their representation of the State during such proceedings.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages. . . . [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other

> burdens attendant to litigation, including pretrial discovery. . .
> . In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d
> 128 (1976), the Supreme Court held that a prosecutor is
> absolutely immune from civil suit for damages under section
> 1983 for actions taken "in initiating a prosecution and in
> resenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which the plaintiff complains with respect to defendants Gambril, Merrell and Loggins arise from these defendants' role "as an 'advocate' for the state" and such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendants Gambril, Merrell and Loggins are therefore "entitled to absolute immunity for that conduct." *Id.* Thus, the plaintiff's request for damages against former and current district attorneys lacks an arguable basis and is therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

As previously determined, the plaintiff is not entitled to either declaratory or injunctive relief from this court for any adverse action taken during the state court proceedings related to his pending criminal charge before the Circuit Court of Covington County, Alabama.

### III. CLAIMS RELATED TO OTHER INMATES

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

The instant complaint contains claims relative to actions taken against other inmates. Osuna lacks standing to assert the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984). A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that the plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, the Supreme Court has established several requirements based on prudential considerations. *See Saladin*, *supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

With respect to claims arising from the alleged violations of other inmates' constitutional rights, Osuna is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690. Thus, it is clear that the claims presented by the plaintiff with respect to such allegations present "infringement of a legal interest which clearly does not exist" and are therefore subject to dismissal as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenges to his pending criminal charge and all court actions related to this charge be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The plaintiff's claims against Greg Gambril, Walt Merrell and Eugenia Loggins be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3. Greg Gambril, Walt Merrell and Eugenia Loggins be dismissed from this cause of action.

4. The claims presented by the plaintiff referencing alleged violations of the constitutional rights of inmates Joe Clements and Charles A. Barnes be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

5. The plaintiff's claims challenging the conditions of confinement in the Covington County Jail be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to

which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of March, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE